UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-347-FDW

| KADEEM WILLIAMS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| FNU KIZER, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 5).

**I.     BACKGROUND**

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Marion Correctional Institution where he still resides. He names as Defendants: "NCDOP,"[1] and Marion C.I. Sergeants Kizer and Kinser.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff was handcuffed behind his back and escorted to the shower between 6:00 and 7:00 PM.[2] Plaintiff asked "them" to remove the handcuffs so he could shower but Kizer told Plaintiff to "figure it out." (Doc. No. 1 at 3). The handcuffs stayed on the entire time Plaintiff was in the shower. Plaintiff appears to allege that he was given a suicide vest to wear that was soiled with his own urine and feces. While Plaintiff was handcuffed in "a little more but less than full restraints," Kizer threw him to

---

[1] It appears that Plaintiff is attempting to name as a Defendant the North Carolina Department of Public Safety ("NCDPS").

[2] Plaintiff appears to allege that the incident happened in 2018. See (Doc. No. 1 at 2) (stating that he filed a grievance in 2018 within 90 days after the incident).

1

the ground. (Doc. No. 1 at 4). Kinser, who is over 200 pounds, placed his right knee on Plaintiff's face, and put all his weight on it, which drilled Plaintiff's face into the ground. Kinser then put his fingers on Plaintiff's face and pressure points. Kinser and Kizer refused to let a nurse take Plaintiff's vitals. Kinser took a picture of Plaintiff from the other side of the door while Plaintiff was dressed in the vest and his hair was covering his forehead and ears. Plaintiff seeks $1,000,000 and "fire officer that wrong did in incident." (Doc. No. 1 at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore

a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Further, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71.

Plaintiff names "NCDOP" as a Defendant. It appears that he is attempting to name as a Defendant NCDPS, however, that entity is not a "person" under § 1983 and is protected by sovereign immunity. Therefore, the claims against NCDOP will be dismissed with prejudice.

**(2) Cruel and Unusual Punishment**

3

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

**(a)** **Excessive Force**

Prison officials may not use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1 (1992). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. at 4; see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

Plaintiff alleges that he was thrown to the ground Kizer then Kinser pinned Plaintiff's face

4

with his knee and held down while Kinser placed his fingers on Plaintiff's face and pressure points. This claim is sufficient to state an excessive force claim against Defendants Kizer and Kinser and it will be allowed to proceed.

**(b)** **Conditions of Confinement**

The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes, 452 U.S. at 349). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987).

Plaintiff appears to allege that he was not permitted to have his handcuffs removed for a single shower and that, after he showered, he was given a suicide vest to wear that was soiled with his own urine and feces.

First, being handcuffed to shower is not sufficiently serious to state an Eighth Amendment violation because, "[g]enerally, requiring an inmate or detainee to wear restraints while showering does not constitute a constitutional violation." Oliver v. Butler, 2015 WL 847428 at *6 (E.D.N.C. Feb. 26, 2015). Further, Plaintiff alleges that he was only handcuffed for a single shower; this situation is not sufficiently serious to state an Eighth Amendment violation and Plaintiff fails to state how this single incident exposed him to any risk of harm. See generally Sweet v. S. Carolina Dep't of Corr., 529 F.2d 854, 866 (4th Cir. 1975) (the Court "do[es] not view with the same concern, or place in the same constitutional context, the limitations placed on the plaintiff's shower rights" as limitations on exercise time, but a district court should consider such a claim under the

5

same standards for exercise time, that is, whether plaintiff's health may be adversely affected by the restriction and whether it is practical for prison authorities to provide more opportunities without unduly imperiling security or without making unreasonable administrative difficulties for prison authorities); Russell v. Enser, 496 F.Supp. 320, 325 n.11 (D.S.C. 1979), *aff'd,* 624 F.2d 1095 (4th Cir. 1980) (table) (noting that the Fourth Circuit has held that, while conditions including the lack of a shower for a week are "undoubtedly unpleasant," they are no so inhumane as to support prisoner's claim of cruel and unusual punishment) (citing Patterson v. Leeke, 529 F.2d 516 (4th Cir. 1976) (table)).

Second, although exposure to urine and feces can amount to unconstitutional conditions of confinement, Plaintiff has failed to allege that Defendants Kizer and/or Kinser were deliberately indifferent to, or even aware of, the presence of urine and feces on his vest. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Plaintiff's claims of cruel and unusual conditions of confinement are therefore insufficient to proceed and will be dismissed.

### (c) **Medical Deliberate Indifference**

To state a case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

6

recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.

Plaintiff alleges that Defendants Kizer and Kinser refused to allow a jail nurse to take his vitals after the incident where Kizer pushed him down and Kinser pinned him on the ground. However, he has failed to allege that he was suffering from a serious medical need that was diagnosed by a physician or so obvious that a lay person would have known Plaintiff needed treatment. These vague and conclusory allegations fail to state a deliberate indifference claim. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson, 900 F.2d at 35 (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson, 309 F.3d at 201-02 (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Therefore, to the extend that Plaintiff intended to state a medical deliberate indifference claim it is insufficient to proceed and will be dismissed.

**(3) Due Process**

Plaintiff appears to allege that Defendant Kinser deprived him of an adequate investigation into the incident by photographing him through a door with his hair in his face. However, "[t]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had

7

no constitutional right to internal investigation of excessive force claim); Wise v. Wilson, 2017 WL 71656 (E.D. Va. Jan 6, 2017) (no constitutional right to have a PREA complaint investigated)

Therefore, to the extent that Plaintiff complains that Defendant Kinser deprived him of an adequate investigation into the incident is insufficient to proceed and will be dismissed.

**(4) Injunctive Relief**

In addition to seeking damages, Plaintiff asks that the Defendants be fired. However, "whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court. Van Houten v. Gaskill, 2006 WL 749410 (D.Kan. March 22, 2006). Plaintiff's request for injunctive relief is therefore unavailable and will be dismissed.

**IV. CONCLUSION**

For the reasons stated herein, the Complaint is sufficient to proceed against Defendants Kizer and Kinser for the use of excessive force. The remaining claims are dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted, and for seeking monetary relief from an immune defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The dismissal as to NCDOP is with prejudice.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's § 1983 claims against **Defendants Kizer** and **Kinser** for the use of excessive force survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) without prejudice as to Defendants Kizer and Kinser, and with prejudice as to NCDOP.

3. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

4. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the

procedure for waiver of service as set forth in Local Rule 4.3 for **Defendants Kizer** and **Kinser**, who are current or former employees of NC DPS.

Signed: February 5, 2019

Frank D. Whitney
Chief United States District Judge